1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10

11

12

13

14

15

16

TRADE ASSOCIATES, INC., a Washington
corporation,

Plaintiff,

v.

FUSION TECHNOLOGIES, INC., a
Washington corporation,

Defendant.

Case No. 09-5804RJB

ORDER GRANTING
PLAINTIFF'S MOTION TO
AMEND COMPLAINT AND
DENYING DEFENDANT'S
MOTION TO DISMISS

17

18

19

This matter comes before the Court on Plaintiff's Motion to Amend Complaint (Dkt. 12) and Defendant's Motion to Dismiss (Dkt. 9). The Court has considered the motions, the responses thereof, and the remainder of the file herein.

20

I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

21

22

23

24

25

26

27

On December 31, 2009, Plaintiff Trade Associates filed a complaint against Defendant Fusion Technologies ("Fusion") requesting declaratory judgment as to inventorship and ownership of patented products and alleging breach and repudiation of royalty agreement. Dkt. 1. On February 25, 2010, the Defendant filed a motion to dismiss for lack of subject matter jurisdiction, or in the alternative, failure to state a claim. On March 11, 2010, the Plaintiff filed a motion to amend complaint. On March 16, 2010, an order was issued that reset the noting date of the motion to dismiss and motion to amend for April 16, 2010. Dkt. 15.

In 2000, Trade Associates and Fusion signed a royalty rgreement, under which Fusion

28

1    was required to assign to Trade Associates patent rights relating to the "Dura-Block invention."

2    Dkt. 12, p. 2.  The first patent application assigned by Fusion to Trade Associates was Patent No.

3    6,503,612 ("the '612 patent").  *Id.*, Dkt. 18, p. 3.  The sole named inventor was Shawn Copeland,

4    the president of Fusion.  *Id.*  During the prosecution of that patent application, Mr. Copeland

5    signed a declaration swearing he was the sole inventor of the subject matter of the application

6    that led to the '612 Patent.  *Id.*

7         Trade Associates alleges that on February 26, 2010, Mr. Copeland gave testimony that

8    made it clear that he was not the sole inventor of the subject matter claimed in the '612 patent.

9    Dkt. 12, p. 2-3.  Trade Associates claims that it has determined the true and sole inventor of the

10   '612 patent is Bang Fang Lin.  Dkt. 12, p. 3.  Trade Associates seeks to correct inventorship by

11   substituting Bang Fang Lin for Mr. Copeland as the sole named inventor on the '612 Patent.  *Id.*

12        Trade Associates states that the First Amended Complaint ("FAC") contains three (3)

13   new causes of action.  Dkt. 12, p. 3.  The first one is intended to correct inventorship under 35

14   U.S.C. § 256.  *Id.*  The two remaining causes relate to the Royalty Agreement between the

15   parties.  *Id.*

16                          **II. DISCUSSION**

17        Fed.R.Civ.P. 15(a)(2) provides that a party may amend its pleadings only with the

18   opposing party's written consent or the court's leave.  The court should freely give leave when

19   justice so requires.  Fed.R.Civ.P. 15(a)(2) .  "Five factors are taken into account to assess the

20   propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party,

21   futility of amendment, and whether the plaintiff has previously amended the complaint."

22   *Johnson v. Buckley*, 356 F.3d 1067, 1007 (9th Cir. 2004)(*internal quotations and citations*

23   *omitted*).  "Futility alone can justify the denial of a motion to amend."  *Id.*  Amendment is futile

24   "only if no set of facts can be proved under the amendment to the pleadings that would constitute

25   a valid and sufficient claim or defense."  *Miller v. Rykoff-Sexton, Inc*., 845 F.2d 209, 214 (9th

26   Cir. 1988).

27        An amended pleading supersedes the original pleading.  *Hal Roach Studios v. Richard*

28   *Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment the original pleading no

ORDER - 2

1   longer performs any function and is treated thereafter as non-existent. *Loux v. Rhay*, 375 F.2d

2   55, 57 (9th Cir. 1967).

3        Plaintiff Trade Associates contends that leave to amend is appropriate here because there

4   has been no undue delay, no bad faith, the amended complaint if not futile, and there is no

5   prejudice. Dkt. 12, p. 4-6. Trade Associates argues that there is no undue delay because it only

6   learned of the incorrect inventorship during Mr. Copeland's deposition on February 26, 2010,

7   after the original complaint was filed, and that since it did not have the evidence it needed to

8   support this new claim, amendment would not be in bad faith. Dkt. 12, p. 4. Trade Associates

9   also argues that the amendment of the complaint would not be futile because there is a dispute

10  regarding inventorship and that the Court has power to order correction of the patent under 35

11  U.S.C. § 256. Dkt. 12, p. 5-6. Additionally, Trade Associates argues, if inventorship of the

12  patent is not corrected, the patent will be at risk of being rendered invalid under 35 U.S.C. §

13  102(f) for failure to name the correct inventor. Dkt. 12, p. 6. Finally, Trade Associates argues

14  that there will be no prejudice to Fusion if the complaint was amended because the Court has not

15  yet scheduled dates for close of discovery or trial. *Id*.

16       Defendant Fusion opposes Trade Associates' motion, contending that jurisdictional

17  defects prevent Trade Associates from amending its complaint. Dkt. 18, p. 4. Fusion cites its

18  motion to dismiss as reason for lack of subject matter jurisdiction. Dkt. 18, p. 5. Defendant

19  further argues that even if there were subject matter jurisdiction, leave to amend complaint

20  should be denied because it is in bad faith, amendment would be futile, and Fusion would be

21  prejudiced. Dkt. 18, p. 6-8. Fusion contends that the motion to amend is in bad faith because

22  Trade Associates knew of Mr. Copeland's contribution to development of the patented product,

23  and that there is no good faith basis for it to claim that Mr. Copeland made no inventive

24  contribution. Dkt. 18, p. 6. Fusion further asserts that the amendment to the complaint would be

25  futile since the correction of inventorship is "presumptively barred by laches." Dkt. 18, p. 7.

26  Finally, Fusion argues that Trade Associates has delayed and that delay is prejudicial, both in an

27  economic and evidentiary sense. Dkt. 18, p. 8.

28       First, there is subject matter jurisdiction over the original complaint. Fusion asserts that

the case, *Morongo Band of Mission Indians v. California State Board of Equalization*, 858 F.2d

1376 (9th Cir. 1988), supports its argument that Trade Associates' motion to amend should be

denied since the Court does not have subject matter jurisdiction.  The *Monrongo* case presented

the question of whether the district court properly exercised subject matter jurisdiction over an

Indian tribe's action in the nature of interpleader against a member of the tribe and a state tax

authority.  *Monrongo*, 858 F.2d at 1379.  The California State Board of Equalization ("the

Board") levied on funds held by the Morongo Band of Mission Indians ("the Band") and

allegedly owed to Clive Miller, a member of the Band, as rent under the lease of trust land

beneficially owned by Miller.  *Id*.  The Band deposited the disputed funds into the registry of the

district court and instituted an action in the nature of interpleader.  *Id*.  The district court granted

the Band leave to amend its complaint to assert its own claim to the funds under the theory that

the lease with Miller was invalid for lack of approval by the Secretary of the Department of the

Interior.  *Id*.  The *Monrongo* court stated that "[i]n determining federal court jurisdiction, we

look to the original, rather than to the amended, complaint.  Subject matter jurisdiction must

exist as of the time the action was commenced."  *Id*. at 1380.  The Monrongo court further stated

that "[i]f jurisdiction is lacking at the outset, the district court has no power to do anything with

the case except dismiss."  *Id*.  The case does stand for dismissal of an action when there is no

subject matter jurisdiction, but it does not determine if there is subject matter jurisdiction in this

case.  That must be determined independently.

        In this case, the original complaint alleges that Fusion disputes the inventorship of

several patents or patent applications.  Dkt. 1, ¶¶ 16, 23-26.  Trade Associates is seeking a

declaratory judgment to determine the true inventors.  *Id*.  Trade Associates alleges that in a

December 10, 2009 letter, Fusion questioned the inventorship of several patents and patent

applications.  Dkt. 1, ¶ 16.  Fusion contends the December 10th letter referenced in Trade

Associates' complaint does not create a controversy concerning inventorship and at best creates

only an issue of ownership, which does not provide subject matter jurisdiction in federal courts.

Dkt. 9, p. 9.  This appears to be a dispute regarding the inventorship of several patents and the

meaning of the December 10th letter.  The allegations are enough to create subject matter

1   jurisdiction in this Court, since inventorship is a federal question under 35 U.S.C. §§ 116, 256.

2          Even if there was no subject matter jurisdiction, the Federal Rules of Civil Procedure

3   allow the rules to be construed and administered to secure the just, speedy, and inexpensive

4   determination of every action and proceeding.  If a claim is based on a proper legal theory but

5   fails to allege sufficient facts, the plaintiff should be afforded the opportunity to amend the

6   complaint before dismissal.  *Keniston v. Roberts*, 717 F.2d 1295, 1300 (9th Cir. 1983).  If the

7   claim is not based on a proper legal theory, the claim should be dismissed.  *Id*.  "Dismissal

8   without leave to amend is improper unless it is clear, upon de novo review, that the complaint

9   could not be saved by any amendment."  *Moss v. U.S. Secret Service,* 2009 WL 2052985 (9th

10  Cir. July 16, 2009).  28 U.S.C. § 1653 provides that "[d]efective allegations of jurisdiction may

11  be amended, upon terms, in the trial or appellate courts."

12         In this case, the determination of who the inventors of the disputed patents and patent

13  applications are proper legal theory.  However, the facts and allegations in the complaint are in

14  dispute.  Even if we assume that the original complaint lacked sufficient facts to state a claim,

15  the amended complaint does have sufficient facts.  Therefore, even if Trade Associates do not

16  allege jurisdiction under the original complaint, under the amended complaint there is a federal

17  claim and, therefore, jurisdiction.  Additionally, it would be inefficient to first dismiss Trade

18  Associates' original complaint, but allowing the Plaintiff to amend, which would be proper, and

19  then have Trade Associates file another complaint.  It would be more efficient to consider the

20  amended complaint, determine if there is jurisdiction under that complaint, and then grant Trade

21  Associates' motion for leave to amend if it is proper under *Johnson v. Buckley* (supra).

22         It is appropriate to grant Trade Associates leave to amend its complaint since it was not

23  done in bad faith, there has been no undue delay, the amendment is not futile, there has been no

24  prejudice, and Trade Associates has not previous amended its complaint.  Trade Associates

25  asserts that it only learned of the incorrect inventorship during Mr. Copeland's deposition on

26  February 26, 2009.  Dkt. 12, p. 4.  Recently discovered information does not connote bad faith or

27  undue delay.  Next, the amendment would not be futile because the Court has the power to order

28  correction of the patent under 35 U.S.C § 256.  However, Fusion argues that this claim is

1   presumptively barred by the defense of laches, but at this stage of litigation, whether the defense

2   of laches is applicable is yet to be determined.  Finally, there is no prejudice in allowing

3   amendment of the complaint because the case is still in the early stages of litigation and

4   discovery and trial dates have not been established.  Since the amended complaint has met the

5   requirements under *Johnson v. Buckley*, Trade Associates should be granted leave to amend its

6   complaint.  Defendant Fusion's motion to dismiss should be denied since the complaint has been

7   amended and it supersedes the original complaint.

8                                         **III. ORDER**

9           The Court does hereby find and ORDER:

10          (1) Plaintiff Trade Associates' Motion for Leave to Amend (Dkt. 12) is **GRANTED**;

11          (2) Defendant Fusion's Motion to Dismiss (Dkt. 9) is **DENIED**; and

12          (3)  The Clerk is directed to send copies of this Order all counsel of record and any party

13          appearing *pro se* at said party's last known address.

14          DATED this 28th day of April, 2010.

15

16

17                                          Robert J. Bryan
                                            United States District Judge
18

19

20

21

22

23

24

25

26

27

28

ORDER - 6