UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TRADE ASSOCIATES INC., a Washington corporation,<br><br>               Plaintiff,<br><br>    v.<br><br>FUSION TECHNOLOGIES INC., a Washington corporation,<br><br>               Defendant. | Case No. C09-5804RJB<br><br>ORDER ON STIPULATED PROTECTIVE ORDER |

     This matter comes before the Court on Plaintiff's motion for entry of protective order (Dkt. 44). The Court has considered the motion, responses thereto, and the relevant documents herein. The Court and the parties are familiar with the underlying facts of the case and will not be repeated.

## I. Background

     On July 22, 2010, the Plaintiff filed a motion for entry of protective order (Dkt. 44). The Plaintiff is renewing its desire to enter a protective order regarding "proprietary and business sensitive information." Dkt. 44, p. 3. Defendant objects to the Plaintiff's motion, stating that the protective order would impermissibly bind Defendant to numerous substantive and procedural provisions without Defendant's consent. Dkt. 45, p.1.

## II. Discussion

**A. Legal Standard**

     Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's

ORDER
Page - 1

claim or defense. Fed.R.Civ.P. 26(b)(1). Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. *Id*.

A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending. Fed.R.Civ.P. 26(c)(1). "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including... requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed.R.Civ.P. 26(c)(1)(G). One seeking a protective order must establish that the information sought is confidential. *American Standard v. Pfizer*, 828 F.2d 734, 739-40 (Fed. Cir. 1987)(citation omitted). There is no absolute privilege for trade secrets and similar confidential information. *Federal Open Market Committee v. Merrill*, 443 U.S. 340, 362 (1979)(citation omitted). "The Courts have not given trade secrets automatic and complete immunity against disclosure, but have in each case weighed their claim to privacy against need for disclosure. Frequently, they have been afforded a limited protection." *Id*. (citations omitted).

Generally, "the fruits of pre-trial discovery are, in absence of a court order to the contrary, presumptively public." *Phillips ex. rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002); *see generally Kamakana v. Honolulu*, 447 F.3d 1172, 1178-80. Rule 26(c), however, authorizes a district court to override the presumption that a document is public where "good cause" is shown. *Id*. The required showing imposes a burden on the party to demonstrate that "specific prejudice or harm will result if no protective order is granted." *Phillips*, 307 F.3d at 1210-11. "Broad allegations of harm, unsubstantiated by specific examples or articulated reasons, do not satisfy the Rule 26(c) test." *Phillips*, 307 F.3d at 1211. "If a court finds particularized harm will result from disclosure of information to the public, then it balances the public and private interests to decide whether a protective order is necessary." *Id*. Sufficient information must be presented to the court to allow it to engage in a proper "good cause" analysis as is required of the district courts. *Id*. at 1211-12. Trial courts are given broad discretion in determining when a protective order is appropriate and to what degree of protection is required. *Id*.

Trade Secret, under Washington law, means:

[I]nformation, including a formula, pattern, compilation, program, device, method, technique, or process that: (a) derives independent economic value, actual or potential, from not being

generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and (b) is the subject of efforts that are reasonable under the circumstance to maintain its secrecy.

RCW 19.108.010 (Uniform Trade Secret Act).

**B. Protective Order**

The Plaintiff made a cursory effort to show good cause in its motion, but made a more complete argument in its reply. However, the Plaintiff made new arguments and filed additionally material in its reply. The Defendant should have opportunity to respond to the arguments and materials. The issue has not been fully briefed by the parties. The parties should submit further briefing explaining their positions and supporting their arguments with facts and the relevant law. The Court is particularly interested in which documents or information should be protected, whether those documents or information are a trade secret or confidential information under the law, and whether there would be a specific harm or prejudice if the information is not afforded protection. The Court would also like the parties to address the balancing test between the public's right to access and the private interest in keeping the documents confidential.

The Court notes that the Plaintiff did not cite to previously filed documents in the argument section of its motion (Dkt. 44), but it appears that the Plaintiff attempted to incorporate previously filed documents into its motion as a whole and did so explicitly in its reply brief. If a party has not cited to the record, then the Court need not consider the documents. The Court need not scour the record to support a party's argument. The parties should cite to previously filed documents, by Title, docket number, andl page and line.

For the foregoing reasons, the parties should submit further briefing in a manner consistent with this order.

### III. Order

Therefore, it is hereby **ORDERED**

(1) The parties are directed to submit further briefing as follows:

    Plaintiff's brief shall be submitted on or before August 27, 2010;

    Defendant's response shall be submitted on or before September 6, 2010;

    Plaintiff's reply, if any, shall be submitted on or before September 9, 2010;

1       The matter will be considered on September 10, 2010;

2  (2) Plaintiff's Motion for Entry of Protective Order (Dkt. 44) is renoted for September 10, 2010; and

4  (3) The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

7  DATED this 11th day of August, 2010.

                                           Robert J Bryan
                                           United States District Judge