UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TRADE ASSOCIATES, INC., a Washington corporation, <br><br> Plaintiff, <br><br> v. <br><br> FUSION TECHNOLOGIES, INC., a Washington corporation, <br><br> Defendant. | CASE NO. C09-5804 RJB <br><br> ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AS TO DEFENDANT'S AFFIRMATIVE DEFENSES |

This matter comes before the Court on Plaintiff Trade Associates, Inc.'s (Trade Associates) motion for summary judgment seeking dismissal of the affirmative defenses of Defendant Fusion Technologies, Inc. (Fusion).  Dkt. 85. The Court has considered the motion, response, reply, and the remainder of the file herein.

ORDER GRANTING IN PART AND DENYING IN
PART PLAINTIFFS' MOTION FOR SUMMARY
JUDGMENT AS TO DEFENDANT'S
AFFIRMATIVE DEFENSES- 1

**INTRODUCTION AND BACKGROUND**

The underlying facts of this case are known to the Court and the parties, and will not be repeated herein. See Dkt. 71. Fusion has asserted eleven affirmative defenses in its Answer to the First Amended Complaint. Dkt. 34 pp. 7-8. These are set forth as follows:

1. Trade Associates fails to state a claim upon which relief can be granted.

2. Trade Associates fails to plead fraud or misrepresentation with the requisite particularity according to CR 9.

3. Trade Associates' claims are barred by the doctrine of unclean hands.

4. Trade Associates' claims for repudiation are barred by a prior breach.

5. Trade Associates' claims are an abuse of process, being pursued for an improper purpose.

6. Trade Associates' claims are barred by mistake.

7. Trade Associates' claims are barred by assumption of risk.

8. Fusion's conduct was licensed or approved by Trade Associates.

9. Trade Associates' claims are barred by estoppel.

10. Trade Associates' claims are barred by laches.

11. Trade Associates' claims are barred by license.

Dkt. 34. Pp. 7-8.

Plaintiff asserts that Fusion has failed to present and cannot present, evidence to support its burden of proof as to any of these defenses.

In response to the motion Fusion withdraws the following affirmative defenses: (1) Failure to state a claim, (2) Failure to plead fraud with particularity, (5) Abuse of process, (6) Mistake, (7) Assumption of the risk, (8) Licensed or Approved, and (11) License. Dkt. 88 pp. 4.

ORDER GRANTING IN PART AND DENYING IN
PART PLAINTIFFS' MOTION FOR SUMMARY
JUDGMENT AS TO DEFENDANT'S
AFFIRMATIVE DEFENSES- 2

1  Fusion submits that there are genuine issues of material fact sufficient to support the remaining
2  affirmative defenses.

3  **SUMMARY JUDGMENT STANDARDS**

4  Summary judgment is proper only if the pleadings, the discovery and disclosure materials
5  on file, and any affidavits show that there is no genuine issue as to any material fact and that the
6  movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is
7  entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient
8  showing on an essential element of a claim in the case on which the nonmoving party has the
9  burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue
10 of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find
11 for the non moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586
12 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some
13 metaphysical doubt."). See also Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a
14 material fact exists if there is sufficient evidence supporting the claimed factual dispute,
15 requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty*
16 *Lobby, Inc.*, 477 .S. 242, 253 (1986); *T.W. Elec. Service Inc. v. Pacific Electrical Contractors*
17 *Association*, 809 F.2d 626, 630 (9th Cir. 1987).

18 The determination of the existence of a material fact is often a close question. The court
19 must resolve any factual issues of controversy in favor of the nonmoving party only when the
20 facts specifically attested by that party contradict facts specifically attested by the moving party.
21 The nonmoving party may not merely state that it will discredit the moving party's evidence at
22 trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elect.*
23 *Service Inc.*, 809 F.2d at 630. Conclusory, nonspecific statements in affidavits are not sufficient,

24
ORDER GRANTING IN PART AND DENYING IN
PART PLAINTIFFS' MOTION FOR SUMMARY
JUDGMENT AS TO DEFENDANT'S
AFFIRMATIVE DEFENSES- 3

and "missing facts" will not be "presumed." *Lujan v. National Wildlife Federation,* 497 U.S. 871, 888-89 (1990).

## AFFIRMATIVE DEFENSES

**Affirmative Defense No. 3  Unclean Hands**

The doctrine of unclean hands bars relief to a plaintiff who has violated conscience, good faith or other equitable principles in his prior conduct, as well as to a plaintiff who has dirtied his hands in acquiring the right presently asserted. *Seller Agency Council, Inc. v. Kennedy Center for Real Estate Educ., Inc.*, 621 F.3d 981, 986 (9th Cir. 2010); *Dollar Sys., Inc. v. Avcar Leasing Sys., Inc.*, 890 F.2d 165, 173 (9th Cir.1989). It is fundamental to the operation of the doctrine of unclean hands that the alleged misconduct by the party relates directly to the transaction concerning which the complaint is made. *Seller Agency Council, Inc.*, at 986. Unclean hands does not constitute misconduct in the abstract, unrelated to the claim to which it is asserted as a defense. *Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829, 841-42 (9th Cir. 2002). Stated in other terms, the unclean hands doctrine bars recovery by a plaintiff (1) whose behavior is tainted with inequitableness or bad faith (2) that occurred in acquiring the right he now asserts. *Ellenburg v. Brockway, Inc.,* 763 F.2d 1091, 1097 (9th Cir. 1985).

Based on its review of the facts, the Court finds that there are issues of material fact as to whether the Plaintiff's conduct was inequitable or unconscionable, and that the Plaintiff's conduct related to the very activity that is the basis of its claim.

**Affirmative Defense No. 4 Prior Breach**

A party is not liable for a material failure of performance if it can show that the other party committed a prior material breach of the contract; in such event, the prior breach discharged the first party's own duty to perform. Restatement (Second) of Contracts § 237 cmt.

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AS TO DEFENDANT'S AFFIRMATIVE DEFENSES- 4

b; *CKP, Inc. v. GRS Canst. Co.*, 63 Wn.App. 601, 620, 821 P.2d 63 (1991); *City of Shawnee, Kan. v. AT&T Corp.*, 910 F. Supp. 1546, 1553 (D. Kan. 1995).

There exist genuine issues of material facts precluding summary judgment. The Court cannot determine as a matter of law that Trade Association did not commit a prior breach of the royalty contract and such alleged breach was immaterial. These issues present questions of fact to be determined at trial.

**Affirmative Defense No. 9 Estoppel**

Equitable estoppel is an affirmative defense which may apply where an admission, statement, or act has been detrimentally relied on by another party. *Campbell v. Dep't of Soc. & Health Servs.*, 150 Wn.2d 881, 902, 83 P.3d 999 (2004). The principle of equitable estoppel is based upon the reasoning that a party should be held to a representation made or position assumed where inequitable consequences would otherwise result to another party who has justifiably and in good faith relied thereon. *Cornerstone Equipment Leasing, Inc. v. MacLeod*, 159 Wn.App. 899, 247 P.3d 790, 795 (2011).

Equitable estoppel requires: (1) an admission, statement, or act inconsistent with a claim afterward asserted; (2) action by another in reasonable reliance on that act, statement, or admission; and (3) injury to the party who relied if the court allows the first party to contradict or repudiate the prior act, statement, or admission. *Robinson v. City of Seattle,* 119 Wn.2d 34, 82, 830 P.2d 318 (1992). Equitable estoppel is not favored, and a party asserting it must prove each of its elements by clear, cogent, and convincing evidence. *Id.*

The Court finds that there are genuine issues of material fact as to whether Plaintiff is estopped from asserting its claims.

ORDER GRANTING IN PART AND DENYING IN
PART PLAINTIFFS' MOTION FOR SUMMARY
JUDGMENT AS TO DEFENDANT'S
AFFIRMATIVE DEFENSES- 5

**Affirmative Defense No. 10 Laches**

Laches is an equitable defense based on the principles of equitable estoppel. *Rutter v. Rutter*, 59 Wn.2d 781, 785, 370 P.2d 862 (1962). The purpose of laches is to prevent injustice and hardship. *Brost v. L.A.N.D., Inc.*, 37 Wn.App. 372, 375, 680 P.2d 453 (1984). "Laches is an implied waiver arising from knowledge of existing conditions and acquiescence in them." *Buell v. City of Bremerton*, 80 Wn.2d 518, 522, 495 P.2d 1358 (1972). The elements of laches are: (1) knowledge or a reasonable opportunity to discover on the part of a potential plaintiff that he or she has a cause of action against a defendant; (2) the plaintiff's unreasonable delay in commencing that cause of action; and (3) damage to the defendant resulting from the unreasonable delay. *Id*.

Whether the doctrine of laches should be applied depends upon the facts and circumstances of the particular case. *Schrock v. Gillingham*, 36 Wn.2d 419, 427, 219 P.2d 92 (1950). Factors to be considered by the court in making this determination include the nature of the lawsuit, the circumstances, if any, justifying the delay, the relief sought, and whether the rights of defendant or other persons, such as the public, will be prejudiced by the maintenance of the suit. *Lopp v. Peninsula Sch. Dist. No. 401*, 90 Wn.2d 754, 759, 585 P.2d 801 (1978).

The Court finds there are genuine issues of material fact regarding whether Plaintiff's suit is barred by the doctrine of laches.

**CONCLUSION**

In response to the motion, the Defendant has withdrawn a number of its affirmative defenses. These defenses are dismissed from this action. The Court, having considered the remainder of the motion, the response, reply, and the relevant documents, finds there are genuine

ORDER GRANTING IN PART AND DENYING IN
PART PLAINTIFFS' MOTION FOR SUMMARY
JUDGMENT AS TO DEFENDANT'S
AFFIRMATIVE DEFENSES- 6

1  issues of material fact precluding summary judgment on the affirmative defenses of unclean
2  hands, prior breach, equitable estoppels and laches.  Therefore, it is hereby **ORDERED** that:
3      Plaintiff's Motion for Summary Judgment as to Defendant's Affirmative Defenses (Dkt.
4  85) is **GRANTED IN PART AND DENIED IN PART**.  The withdrawn affirmative defenses:
5  (1) Failure to state a claim, (2) Failure to plead fraud with particularity, (5) Abuse of process, (6)
6  Mistake, (7) Assumption of the risk, (8) Licensed or Approved, and (11) License are
7  **DISMISSED** from this action.  Defendant may proceed with the affirmative defenses: No. 3
8  Unclean Hands, No. 4 Prior Breach, No. 9 Estoppel, and No. 10 Laches.
9      Dated this 18th day of April, 2011.

*/s/ Robert J. Bryan*

ROBERT J. BRYAN
United States District Judge

ORDER GRANTING IN PART AND DENYING IN
PART PLAINTIFFS' MOTION FOR SUMMARY
JUDGMENT AS TO DEFENDANT'S
AFFIRMATIVE DEFENSES- 7