UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TRADE ASSOCIATES INC., a Washington corporation, | CASE NO. C09-5804 RJB |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO JOINT OR SOLE INVENTORSHIP |
| v. | |
| FUSION TECHNOLOGIES INC., a Washington corporation, | |
| Defendant. | |

This matter comes before the Court on Plaintiff's Motion for Partial Summary Judgment as to Joint or Sole Inventorship of United States Patent No. 6,503,612 (Patent '612). Dkt. 86. The Court has considered the motion, response, reply, and relevant documents herein.

**INTRODUCTION AND BACKGROUND**

The underlying facts of this case are known to the Court and the parties, and will not be repeated herein. See Dkt. 71. Plaintiff has filed previously moved for summary judgment on the issue of inventorship requesting that this Court find that (1) Mr. Bang Fang Lin is the sole true

1   inventor of the subject matter claimed in United States Patent '612 because he alone conceived

2   the subject matter of the patent, and (2) Shawn Copeland, president of Fusion Technologies, Inc.,

3   is not an inventor or co-inventor of the subject matter claimed in the patent '612 patent.  Dkt. 67.

4   Plaintiff further requested that this Court issue an Order directing the Director of the United

5   Sates Patent and Trademark Office to issue a certificate correcting the inventorship of the '612

6   Patent by removing Mr. Copeland's name as inventor and substituting the name of Bang Fang

7   Lin.  *Id.*  Plaintiff's motion and request for relief was denied.  Dkt. 71.  The Court found that "[i]t

8   is apparent that the parties dispute the extent of contributions, if any, of Mr. Copeland and Mr.

9   Lin in the conception of Patent '612.  Taking into consideration the presumption of validity

10  afforded Mr. Copeland as the named inventor, and the burden of proof on Defendant, the Court

11  finds there are genuine issues of fact precluding a finding that Mr. Copeland was not the inventor

12  and that Mr. Lin was the sole inventor." Dkt. 71 pp. 10.  Plaintiff's motion for reconsideration was

13  denied.  Dkt.  81.

14        In the present motion, Plaintiff asserts that there is new evidence establishing that the

15  named inventor, Shawn Copeland, is not the inventor or co-inventor of the '612 patent.  Plaintiff

16  also asserts that as a matter of law, the Court should find that Mr. Lin, is at least a co-inventor.

17                               **SUMMARY JUDGMENT STANDARDS**

18        Summary judgment is proper only if the pleadings, the discovery and disclosure materials

19  on file, and any affidavits show that there is no genuine issue as to any material fact and that the

20  movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  The moving party is

21  entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient

22  showing on an essential element of a claim in the case on which the nonmoving party has the

23  burden of proof.  *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1985).  There is no genuine issue

24

ORDER DENYING PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT AS TO JOINT
OR SOLE INVENTORSHIP- 2

1    of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find

2    for the non moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 586

3    (1986)(nonmoving party must present specific, significant probative evidence, not simply "some

4    metaphysical doubt."). See also Fed. R. Civ. P. 56(e).  Conversely, a genuine dispute over a

5    material fact exists if there is sufficient evidence supporting the claimed factual dispute,

6    requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty*

7    *Lobby, Inc*., 477 .S. 242, 253 (1986); *T.W. Elec. Service Inc. v. Pacific Electrical Contractors*

8    *Association*, 809 F.2d 626, 630 (9th Cir. 1987).

9            The determination of the existence of a material fact is often a close question. The court

10    must resolve any factual issues of controversy in favor of the nonmoving party only when the

11    facts specifically attested by that party contradict facts specifically attested by the moving party.

12    The nonmoving party may not merely state that it will discredit the moving party's evidence at

13    trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elect.*

14    *Service Inc.,* 809 F.2d at 630.  Conclusory, non specific statements in affidavits are not

15    sufficient, and "missing facts" will not be "presumed." *Lujan v. National Wildlife Federation*, 497

16    U.S. 871, 888-89 (1990).

17    ## CORRECTION OF NAMED INVENTOR - 35 U.S.C. § 256

18            The validity of a patent requires that the inventors be correctly named. *Chou v. University*

19    *of Chicago*, 254 F.3d 1347, 1359 (Fed. Cir. 2001).  Inventorship of an issued patent may be

20    corrected by the district court upon request pursuant to 35 U.S.C § 256, which provides:

21            Whenever through error a person is named in an issued patent as the inventor, or
          through error an inventor is not named in an issued patent and such error arose

22            without any deceptive intention on his part, the Commissioner may, on application of
          all the parties and assignees, with proof of the facts and such other requirements as

23            may be imposed, issue a certificate correcting such error.

24

1    The error of omitting inventors or naming persons who are not inventors shall not
     invalidate the patent in which such error occurred if it can be corrected as provided
2    in this section. The court before which such matter is called in question may order
     correction of the patent on notice and hearing of all parties concerned and the
3    Commissioner shall issue a certificate accordingly.

4        Inventorship and conception are questions of law that rest on the underlying facts. *Sewall*

5    *v. Walters*, 21 F.3d 411, 415, (Fed. Cir. 1994).

6        Notwithstanding Plaintiff's assertion of newly discovered evidence, the Court finds there

7    continues to exist genuine issues of material fact as to inventorship.  This applies to both claims

8    of sole and co-inventorship.  Among other issues, there are questions of credibility that are

9    properly to be resolved by the trier of fact.  There also are issues of fact concerning the

10   applicability of the affirmative defenses of unclean hands, prior breach, estoppel, and laches.

11                                    **CONCLUSION**

12       The Court, having considered the motion, the response, reply, and the relevant documents

13   herein, finds there are genuine issues of material fact and **DENIES** the motion for partial

14   summary judgment. Therefore, it is hereby **ORDERED** that:

15       Plaintiff's Motion for Partial Summary Judgment as to Joint or Sole Inventorship of

16   United States Patent No. 6,503,612 (Dkt. 86) is **DENIED**.

17       Dated this 18th day of April, 2011.

18

19

20                                    ROBERT J. BRYAN
                                      United States District Judge
21

22

23

24

ORDER DENYING PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT AS TO JOINT
OR SOLE INVENTORSHIP- 4