UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TRADE ASSOCIATES INC., a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>FUSION TECHNOLOGIES INC., a Washington corporation,<br><br>Defendant. | CASE NO. C09-5804 RJB<br><br>ORDER DENYING MOTION FOR ATTORNEY FEES |

This matter comes before the Court on Defendant Fusion Technologies Inc.'s motion for an award of attorney fees. The Court has considered the pleadings in support and in opposition to the motion and the record herein.

**INTODUCTION AND BACKGROUND**

This litigation was certainly contentious. There were numerous motions brought before the Court, both substantive and procedural. This is reflected in the more than two hundred docket entries and the numerous orders on motions for summary judgment on the cross claims of the parties. The lawsuit proceeded to a jury trial on the following claims: Plaintiff Trade

Associates brought claims for (1) correction of inventorship of a patent, (2) declaratory judgment as to ownership of patents and patent applications, (3) breach and repudiation of the royalty agreement between the parties, (4) misrepresentation in entering into the royalty agreement, and (5) declaratory judgment as to want of consideration with respect to the royalty agreement.

The Defendant's claims consisted of (1) breach of the royalty agreement based on Plaintiff's failure to pay quarterly royalties, underpayment of royalties, obstructing Defendant's right to inspect books and other information, failure to market, produce and/or sell the patented technology, subversive tactics in seeking foreign patent protection on Defendant's technology, and for (2) unjust enrichment based on Plaintiff's misappropriation of Defendant's ideas, inventions, know-how, marketing, sales, distribution, trade names, and trademarks. Dkt. 142.

At the close of Plaintiff's case, Defendant moved for dismissal and/or judgment as a matter of law. The Court dismissed Plaintiff's repudiation claim. Dkt. 158.

The five day trial concluded with a jury verdict. The jury rejected Plaintiff's claims contesting inventorship of the patent and found for Defendant on the cross-claims asserting breach of the royalty agreement. The jury rejected Defendant's claim for unjust enrichment. Dkt. 163.

Judgment was entered for Defendant in the amount of stipulated unpaid royalties and prejudgment interest. Dkt. 192.

Defendant moves for an award of attorney fees asserting that Plaintiff's claims were "unjustified and meritless" and were an "abuse of process and harassing litigation tactics." Dkt. 195 pp. 1. Defendant asserts five basis justifying an award of fees (1) 35 U.S.C. § 285, (2) R.C.W. 4.84.185, (3) abuse of process, (4) 28 U.S.C. § 1927, and (5) the Court's inherent power.

## 35 U.S.C. § 285

Under the Patent Act, the Court may award reasonable attorneys' fees to the prevailing party in exceptional circumstances. 35 U.S.C. § 285. Federal Circuit case law is applied when determining fees under § 285. *Baldwin Hardware Corp. v. FrankSu Enter. Corp*., 78 F.3d 550, 563 (Fed. Cir. 1996). The statute is designed to compensate the prevailing party for its monetary outlays in the prosecution or defense of the suit, *Central Soya Co. v. Geo. A. Hormel & Co*., 723 F.2d 1573, 1578 (Fed.Cir.1983), and to serve as a deterrent to improper bringing of clearly unwarranted patent suits. *Automated Business Companies, Inc. v. NEC America, Inc.,* 202 F.3d 1353, 1355 (Fed. Cir. 2000). The award of such fees is discretionary with the trial court, but such discretion may only be exercised upon a specific finding of exceptional circumstances. *Stevenson v. Sears, Roebuck & Co*., 713 F.2d 705, 712 (Fed. Cir. 1983).

The use of the term 'exceptional' in § 285 is not to be taken lightly. "Congress in choosing to limit district court authority to award attorney's fees to 'exceptional' cases has made clear that this should occur only in rare or extraordinary cases.... [Thus,] courts elucidating this statutory language have generally found that 'exceptional' cases are those rare or extraordinary cases blighted and marked by a party's bad faith or inequitable conduct." *Knorr-Bremse Systeme Fuer Nutzfarzeuge GmbH v. Dana Corp.,* 372 F.Supp.2d 833, 848 (E.D. Va. 2005).

The determination of whether a case is exceptional and, thus, eligible for an award of attorney fees under § 285 is a two-step process. First, the district court must make a factual determination whether a case is exceptional. After determining that a case is exceptional, the district court must determine whether attorney fees are appropriate. *Wedgetail Ltd. v. Huddleston Deluxe, Inc*., 576 F.3d 1302, 1304 (Fed. Cir. 2009). Thus, even if a court finds a case to be exceptional, it has discretion whether to award attorney fees, and must weigh factors

such as degree of culpability, closeness of the questions, and litigation behavior. *Nilssen v. Osram Sylvania, Inc*., 528 F.3d 1352, 1359 (Fed. Cir. 2008).

The exceptional nature of the case must be established by clear and convincing evidence. *Wedgetail Ltd*., 576 F.3d at 1304. A case is exceptional in a "limited universe of circumstances" in which there has been clear and convincing evidence of "litigation misconduct; vexatious, unjustified, and other otherwise bad faith litigation; a frivolous suit or willful infringement." *Wedgetail, Ltd. v. Huddleston Deluxe, Inc*., 576 F.3d 1302, 1304-05 (Fed. Cir. 2009). An award of attorneys' fees is permissible when there has been some material inappropriate conduct related to the matter in litigation, such as willful infringement, fraud or inequitable conduct in procuring the patent, misconduct during litigation, vexatious or unjustified litigation, conduct that violates Fed. R. Civ. P. 11, or like infractions. *Brooks Furniture Manufacturing, Inc. v. Dutailier International, Inc*., 393 F.3d 1378, 1381 (Fed. Cir. 2005). Absent misconduct during patent prosecution or litigation, sanctions may be imposed against a patent plaintiff only if both (1) the litigation is brought in subjective bad faith, and (2) the litigation is objectively baseless. *Id*., *Nilssen v. Osram Sylvania, Inc.,* 528 F.3d 1352, 1359 (Fed. Cir. 2008).

Defendant has not met the high standard required for a determination that an award of fees is warranted. Although subjective bad faith and objectively baseless litigation are relevant to the award of attorney fees, and may suffice to make a case exceptional, Defendant has failed to demonstrate these things by clear and convincing evidence. The circumstances in the present case do not rise to the level of vexatious, unjustified, or frivolous litigation that have been found to satisfy an award of attorney's fees. See, e.g., *Aptix Corp. v. Quickturn Design Sys., Inc.,* 269 F.3d 1369, 1374-75 (Fed. Cir. 2001) (affirming an award of attorney's fees under § 285 for the "extreme litigation misconduct" of falsifying evidence); *Eltech Sys. Corp. v. PPG Indus., Inc*.,

903 F.2d 805, 810-11 (Fed. Cir. 1990) (affirming an award of attorney's fees where the suit was brought and maintained in bad faith).

### RCW 4.84.185

RCW 4.84.185 authorizes an award of attorney fees for opposing a frivolous action.

> In any civil action, the court having jurisdiction may, upon written findings by the judge that the action, counterclaim, cross-claim, third party claim, or defense was frivolous and advanced without reasonable cause, require the nonprevailing party to pay the prevailing party the reasonable expenses, including fees of attorneys, incurred in opposing such action, counterclaim, cross-claim, third party claim, or defense.

RCW 4.84.185

An action is frivolous under RCW 4.84.185 if, when considered in its entirety, it "cannot be supported by any rational argument based in fact or law. *Biggs v. Vail*, 119 Wn.2d 129, 136, 830 P.2d 350 (1992); *Fluke Capital & Mgt. Servs. Co. v. Richmond*, 106 Wn.2d 614, 625, 724 P.2d 356 (1986). It is enough that the action is not supported by any rational argument and is advanced without reasonable cause. *Eller v. East Sprague Motors & R.V.'s, Inc*., 159 Wn.App. 180, 192, 244 P.3d 447 (2010).

The action or lawsuit is to be interpreted as a whole. *Biggs v. Vail*, 119 Wn.2d 129, 136, 830 P.2d 350 (1992). Where three of four claims are judged to be frivolous but the fourth claim is not, the action as a whole is not frivolous and it is improper to grant attorney fees under RCW 4.84.185. *Id*., at 137.

Plaintiff's action was not frivolous and an award of attorney fees is unwarranted.

### ABUSE OF PROCESS

Abuse of process is the misuse or misapplication of the process, after it has once been issued, for an end other than that which it was designed to accomplish. *Hough v. Stockbridge,* 152 Wn.App. 328, 1085, 216 P.3d 1077 (2009). It has similarly been defined as "an act after

filing suit using legal process empowered by that suit to accomplish an end not within the purview of the suit." *Batten v. Abrams*, 28 Wn.App. 737, 748, 626 P.2d 984 (1981).  Abuse of process requires two essential elements: (1) the existence of an ulterior purpose to accomplish an object not within the proper scope of the process, and (2) an act in the use of legal process not proper in the regular prosecution of the proceedings.  *Hough v. Stockbridge,* 152 Wn.App. 328, 1085, 216 P.3d 1077 (2009).  The mere institution of a legal proceeding even with a malicious motive does not constitute an abuse of process.  *Sea-Pac Co., Inc. v. United Food and Commercial Workers Local Union 44*, 103 Wn.2d 800, 806, 699 P.2d 217 (1985).  There must be an act after filing suit using legal process empowered by that suit to accomplish an end not within the purview of the suit. *Id*.; *Batten*, 28 Wn.App. at 748.

Defendants have not demonstrated that Plaintiffs abused process by seeking to accomplish an object not proper to the proceedings.  Defendants are not entitled to an award of attorney fees for abuse of process.

## 28 U.S.C. § 1927

Pursuant to 28 U.S.C. § 1927, an attorney who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  To be sanctionable under 28 U.S.C. § 1927, counsel's conduct must multiply the proceedings in both an "unreasonable and vexatious manner." *In re Girardi*, 611 F.3d 1027, 1060-61 (9th Cir. 2010); *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1107 (9th Cir. 2002).  Recklessness suffices for the imposition of statutory sanctions.  *Lahiri v. Universal Music and Video Distribution Corp.*, 606 F.3d 1216, 1219 (9th Cir. 2010).  Section 1927 sanctions must be supported by a finding of subjective bad faith, which is present when an attorney knowingly or recklessly raises a frivolous

argument, or argues a meritorious claim for the purpose of harassing an opponent. *B.K.B. v. Maui Police Dept.*, 276 F.3d 1091, 1107 (9th Cir. 2002).

Although Plaintiff's action failed, that result was not so obvious in advance that it can be inferred that Plaintiff knowingly or recklessly pursued a futile claim. Plaintiff's claims against Defendant were not wholly without merit and there is no indication that Plaintiff acted in bad faith. An award of attorney's fees is unjustified.

## COURT'S INHERENT POWER

A court has the inherent authority to sanction parties for bad faith conduct in the course of litigation. See *Chambers v. NASCO, Inc*., 501 U.S. 32, 45–46 (1991). This authority is independent of, and not constrained by, statutory sources of authority for imposing such sanctions. *Id*., at 50. A finding of subjective bad faith is essential to an award of attorneys' fees under a court's inherent power. *Primus Auto. Fin. Servs., Inc. v. Batarse,* 115 F.3d 644, 646, 648 (9th Cir. 1997). Bad faith means that the party or attorney acted vexatiously, wantonly, or for oppressive reasons. *Id*. Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent. *In re Keegan Mgmt. Co., Sec. Litig*., 78 F.3d 431, 436 (9th Cir. 1996).

Subjective bad faith has not been shown. The Defendants are not entitled to an award of attorney fees.

## CONCLUSION

For the foregoing reasons, Defendant is not entitled to an award of attorney fees.

Therefore, it is hereby **ORDERED**:

Defendant's Motion for Attorney Fees (Dkt. 195) is **DENIED**.

Dated this 29th day of November, 2011.

_____
ROBERT J. BRYAN
United States District Judge